UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
In re:

        ROMINA J. ALSTODT,

              Debtor

Chapter 13

Case No.: 15-72809-reg

-------------------------------------------------------X

## **STIPULATION**

Stipulation made this 23rd day of March 2016 by and between Romina J. Alstodt, hereinafter referred to as ("Debtor"), and Bank of America, N.A., it successors and/or assigns hereinafter referred to as ("Bank of America").

WHEREAS, Debtor filed a petition for relief pursuant to Chapter 13 on June 30, 2015; and

WHEREAS, Michael J. Macco, Esq. was appointed the Chapter 13 Trustee and on October 8, 2015 an order was entered confirming the Debtor's Chapter 13 Plan; and

WHEREAS, during the preparation of the Motion as hereinafter defined, unbeknownst to the Debtor, it was discovered that the Debtor was on the deed to that certain property known as 2 Edson Lane, Old Brookville, New York (the "Property")and was also on that certain mortgage dated September 6, 2007 recorded on February 26,2008 in the Nassau County Clerk's Office at Liber Book 32754, Page 47 (the "Mortgage"), but not the note.  Said documents were executed pursuant to a Power of Attorney by the Debtor's then Husband; and

WHEREAS, on January 5, 2016, the Debtor filed a motion to allow her to enter into a contract of sale and proceed with a short sale for the Property (the "Motion"); and

WHEREAS, the Debtor asserts that the Property has no equity; and

WHEREAS, Bank of America filed opposition to the Motion, and the parties appeared in court on January 21, 2016 and the matter was adjourned until March 30, 2016; and

WHEREAS, the parties and the Chapter 13 Trustee desire to resolve the Motion without the need of any further litigation.

NOW THEREFORE, it is hereby stipulated and consented to as follows:

1. The Debtor is authorized to enter into a contract of sale in connection with the Property, but such sale is subject to the approval of Bank of America, as set forth below.

2. The Debtor must comply with all requirements set forth by Bank of America that are necessary in order to obtain the approval of Bank of America in connection with the proposed short sale.

3. In the event Bank of America consents to the proposed short sale, then the Debtor is authorized to sell the Property with the proceeds being used to satisfy all mortgages and liens against the Property, including the Mortgage with Bank of America with no monies being paid to the Debtor or the co-borrower, Lance Alstodt. The Mortgage lien of Bank of America shall attach to the proceeds of any such sale.

4. The Debtor shall provide to the Chapter 13 Trustee and Bank of America copy of the closing documents.

5. The Debtor is authorized to pay ordinary, reasonable and usual closing costs and adjustments at closing, including but not limited to brokers' commissions, attorneys' fees in connection with the proposed short sale of the Property, titles, taxes, etc.

6. The Debtor is authorized to execute such documents and to take such steps that are necessary to effectuate the sale of the Property, if such sale is approved by Bank of America.

NO OBJECTION:

_/s/ Heath S. Berger_____  _/s/ Michael J. Macco_____
Heath S. Berger, Esq.                                   Michael J. Macco, Esq.
Attorney for the Debtor                                 Trustee
Berger, Fischoff & Shumer, LLP                 2950 Express Drive South, Suite 109
40 Crossways Park Drive                           Islandia, New York 11749
Woodbury, New York 11797

  */s/ Susan P. Persichilli*
Susan P. Persichilli, Esq.
Attorneys for Bank of America, N.A.
David A. Gallo & Associates LLP
95-25 Queens Boulevard, 11th Floor
Rego Park, New York 11374


IT IS SO ORDERED:



Dated: Central Islip, New York          _/s/ Robert E. Grossman_
      March 24, 2016                            **Robert E. Grossman**
                                                    **United States Bankruptcy Judge**